**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-7434**

———————

PATRICIA CAMPBLIN,

       Petitioner - Appellant,

    v.

MICHAEL CHERTOFF, The Honorable Secretary, United States
Department of Homeland Security; JULIE MEYERS, Assistant
Secretary, Immigration and Customs Enforcement; MARY LOISELLE,
Field Office Director, Immigration and Customs Enforcement
Detention, Deportation and Removal; ROY CHERRY, Warden,

       Respondents - Appellees.

———————

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Claude M. Hilton, Senior
District Judge.  (1:07-cv-00472-CMH)

———————

Submitted:  May 16, 2008          Decided:  June 9, 2008

———————

Before MICHAEL, MOTZ, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Billy L. Ponds, THE PONDS LAW FIRM, Washington, D.C., for
Appellant. Jeffrey S. Bucholtz, Acting Assistant Attorney General,
David M. McConnell, Deputy Director, Papu Sandhu, Office of
Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Patricia Campblin, a native and citizen of Panama, appeals the district court's order dismissing her 28 U.S.C. § 2241 (2000) petition for lack of jurisdiction. Finding no reversible error, we affirm.

The REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, amended 8 U.S.C. § 1252 to provide that "[n]otwithstanding any other provision of law . . ., including section 2241 of title 28, . . . a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act." 8 U.S.C.A. § 1252(a)(5) (West 2005); see Fernandez v. Keisler, 502 F.3d 337, 346 (4th Cir. 2007) (finding that REAL ID Act "expressly eliminated district courts' habeas jurisdiction over removal orders"); Jahed v. Acri, 468 F.3d 230, 233 (4th Cir. 2006) ("The REAL ID Act eliminated access to habeas corpus for purposes of challenging a removal order."). Accordingly, we find that the district court properly dismissed Campblin's § 2241 petition for lack of jurisdiction.

In her brief on appeal, Campblin does not dispute the fact that the district court lacked jurisdiction, but instead argues that the district court should have transferred her habeas petition to this court pursuant to 28 U.S.C. § 1631 (2000) for consideration as a petition for review. Because it appears that

- 2 -

Campblin's underlying claim--an equal protection challenge to § 212(h) of the Immigration and Nationality Act--lacks merit, we find that a transfer would not have been in the interest of justice and that no abuse of discretion occurred. See Malagon de Fuentes v. Gonzales, 462 F.3d 498, 506 (5th Cir. 2006) (collecting cases rejecting equal protection challenge to § 212(h)); see also Jones v. Braxton, 392 F.3d 683, 691 (4th Cir. 2004) ("Congress has explicitly granted the district courts discretion over transfers under section 1631.").

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED